UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RUBEN GRAND-PIERRE and KADEEM BOOKER-BELLERAND,

Plaintiffs,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and P.O. JOHN DOE (Name and Shield Number presently unknown),

Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

---

Plaintiffs, RUBEN GRAND-PIERRE and KADEEM BOOKER-BELLERAND, by their attorneys, ROBERT J. DIGIANNI JR., as and for their complaining of the defendants, hereby allege the following:

## PRELIMINARY STATEMENT

1.      Plaintiffs RUBEN GRAND-PIERRE and KADEEM BOOKER-BELLERAND bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2.      The action is brought pursuant to 42 U.S.C. § 1983, § 1985 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

3.      Plaintiffs RUBEN GRAND-PIERRE and KADEEM BOOKER-BELLERAND further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## VENUE

4.      Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), (c) and § 1402(b) because the claims arose in this district and Plaintiffs resides in this district.

## JURY DEMAND

5.      Plaintiffs RUBEN GRAND-PIERRE and KADEEM BOOKER-BELLERAND respectfully demand a trial by jury of all issues in this matter pursuant to Fed.R.Civ.P. 38(b).

## THE PARTIES

6.      Plaintiff, RUBEN GRAND-PIERRE ("Mr. Grand-Pierre"), is and was at all relevant times hereto a citizen of the United States and a resident of the County of Kings and State of New York.

7.      Plaintiff, KADEEM BOOKER-BELLERAND ("Mr. Booker-Bellerand"), is and was at all relevant times hereto a citizen of the United States and a resident of the County of Kin gs and State of New York.

8.      Defendant, City of New York ("City"), is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant, New York City Police Department ("NYPD"), is a charter agency of the City authorized to perform law enforcement functions in and for the City. Defendant City maintains the NYPD, a duly authorized public authority and/or police department, authorized to perform all

functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

10.     Defendant, Police Officer JOHN DOE (Full Name and Shield Number presently unknown) ("P.O. Doe"), is and was at all times relevant hereto an employee of The City, duly appointed and acting as a police officer in NYPD, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer and was acting under the supervision of said department and according to their official duties.

11.     That at all times relevant herein, P.O. Doe was a supervisory employee of, and an agent, servant and/or employee of The City, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties. He is sued individually and in his supervisory capacity.

12.     That at all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of The City and the State of New York.

13.     That at all times relevant herein, the City operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

14.     That at all times relevant herein, P.O. Doe was an employee of The City and NYPD and that The City and NYPD are responsible for the actions and conduct of the individual defendants under the theory of *respondeat superior*.

15.     That at all times relevant herein, P.O. Doe was personnel of The City and NYPD.

16.     That at all times hereinafter mentioned and upon information and belief, The City and NYPD employed and supervised P.O. Doe.

17.     Upon information and belief, P.O. Doe was a graduate of the Police Academy of The City of New York, where they received training and instruction set forth and sanctioned by The City and NYPD.

18.     Further, while at The Police Academy and intermittently thereafter, Patrol Officers and Police Officers including the named defendant receive training and instruction formulated by The City and NYPD and said training includes instruction as to custom and practice of The City and NYPD and same relates to the arrest procedure and procedure surrounding stops and frisks.

19.     Said custom and practice, and said training and instruction regarding arrests, stops and frisks, by the very nature of the custom and practice violate the civil rights of the public, including the plaintiffs herein, and said custom and practice infringe upon the rights of the public at large, including the plaintiffs herein.  In this subject case, the enforcement of the said custom and practice did in fact violate the rights of the plaintiff herein.

20.     At all times relevant hereto, The City had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, P.O. Doe, to conform his conduct to a standard for the protection of individuals, such as plaintiffs, against the unreasonable risk of harm by conducting himself in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiffs herein.

21.     At all times relevant hereto, The City had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels, P.O. Doe, in the protections of the rights of plaintiffs under the Constitution and the Bill of Rights.

22.     At all times hereinafter mentioned, upon information and belief, P.O. Doe was acting in his capacity as employee, agent or servant of The City.

23.     At all times hereinafter mentioned, P.O. Doe, was acting under color of law.

24.     At all times hereinafter mentioned, the defendants' acts constituted state action.

25.     That at all times hereinafter mentioned, P.O. Doe was on duty and/or acting as employee, agent or servant of The City and were also present at the same time and in the same place as plaintiffs as aforesaid.

## STATEMENT OF FACTS

26.     That or about November 22, 2013, Mr. Grand-Pierre and Mr. Booker-Bellerand were a lawful citizens abiding by all laws, statutes and ordinances of the State of New York and the United State of America.

27.     That on or about November 22, 2013, the sidewalk located on Parkside Avenue between Bedford Avenue and Flatbush Avenue was and remains a public sidewalk ("sidewalk").

28.     That on or about November 22, 2013, at approximately 8:08 p.m. Mr. Grand-Pierre and Mr. Booker-Bellerand were pedestrians lawfully traversing upon the sidewalk at the time and place as stated herein.

29.     That on or about November 22, 2013, defendant P.O. Doe of the 71st Precinct without cause or justification approached, apprehended, stopped, detained and searched Mr. Grand-Pierre and Mr. Bellerand without cause or justification.

30.     That on or about November 22, 2013, Mr. Grand-Pierre and Mr. Booker-Bellerand complied fully with P.O. Doe's demands.

31.     That on or about November 22, 2013, Mr. Grand-Pierre and Mr. Booker-Bellerand were unreasonably searched by defendants' police officers.

32.     That on or about November 22, 2013, defendants' police officers, without cause or justification, falsely arrested and unlawfully imprisoned Mr. Grand-Pierre and Mr. Booker-Bellerand.

33.     That on or about November 22, 2013, as a result of aforementioned actions, Mr. Grand-Pierre and Mr. Booker-Bellerand were caused to sustain personal injuries, pain and suffering, embarrassment, humiliation, and emotional distress due to the negligence, recklessness and/or intentional acts of the defendants within the scope of their employment.

34.     That on or about November 22, 2013, Mr. Grand-Pierre and Mr. Booker-Bellerand were each handcuffed, thrown into a police vehicle and taken to the 71st Precinct Stationhouse without cause or justification.

35.     That on or about November 22, 2013, defendants' police officers falsely charged Mr. Grand-Pierre with PL 221.40 (criminal sale of marijuana 4th degree), 221.10 (criminal possession of marijuana 5th degree) and PL 221.05 (unlawful possession of marijuana); Docket No.: 2013KN049591; NYSID No.: 8455685Y.

36.     That on or about November 22, 2013, defendants' police officers falsely charged Mr. Booker-Bellerand with PL 221.10 (1) (criminal possession of marijuana in the 5th degree), and 221.05 (unlawful possession of marijuana); Docket No.: 2014KN001878.

37.     That on or about November 22, 2013, defendant police officers made false representations, accusations, allegations and complaints concerning Mr. Grand-Pierre and Mr. Booker-Bellerand to agents, servants and/or employees of NYPD and The City and the District Attorney's Office acted on the representations of the defendants herein and initiated criminal proceedings against the plaintiff herein.

38.     Furthermore, the defendants knew that the District Attorney's Office would rely upon their representations and the defendants knew that the District Attorney's Office would file criminal

charges and prosecute the plaintiff based upon their representations and the allegations and facts that these named individual defendants communicated to the District Attorney's Office.

39.     Additionally, the individual defendants knew that the allegations that they communicated to the District Attorney's Office were false, exaggerated, inaccurate and untrue but they communicated said allegations nonetheless, knowing that plaintiff would be subjected to a criminal prosecution and knowing that the plaintiff's freedom and liberty would be jeopardized and, if convicted upon the false charges, plaintiffs would be incarcerated, thereby losing their freedom and liberty.

40.     That the individually named defendants, state actors, were acting pursuant to a policy, custom and practice, which was formulated, designed and implemented by the defendant City and NYPD, and which policy, custom and practice required the individually named defendants to make a certain, predetermined number and amount of arrests each week, month and year, irrespective of the conditions or lack of criminal conduct that existed in their precinct or sector during their shifts or tours.

41.     That these policies, customs and practices also encouraged, taught, instructed and/or required police officers to make arrests, stops, detentions and to target members of the public based on their appearance, race, sexual orientation, ethnicity and irrespective of their conduct, lawful or otherwise, thereby violating the rights of the public, including the plaintiff herein.

42.     These policies, customs and practices were designed and formulated by the defendants City and NYPD and implemented and effectuated by its officers, by their very nature violated the rights of the public, and violated the rights of the plaintiff herein.

43. That at all times relevant herein, the agents, servants and/or employees of NYPD and The City, including, but not limited to, P.O. Doe, knew or reasonably should have known that Mr. Grand-Pierre and Mr. Booker-Bellerand was innocent of all allegations against them.

44. That at all times relevant herein, the agents, servants and/or employees of NYPD and The City, including, but not limited to, P.O. Doe, actually knew or reasonably should have known that the allegations against Mr. Grand-Pierre and Mr. Booker-Bellerand were fabricated and fraudulent.

45. That at all times relevant herein, the agents, servants and/or employees of NYPD and The City, including, but not limited to, P.O. Doe, conspired to fraudulently and maliciously accuse Mr. Grand-Pierre and Mr. Booker-Bellerand of crimes of which they were innocent ("malfeasance"). That defendants knew, and/or reasonably should have known, that there was no basis whatsoever to charge Mr. Grand-Pierre and Mr. Booker-Bellerand under the false charges.

46. Moreover, the complete and utter lack of merit and baseless nature of any conceivable criminal investigation and/or criminal prosecution of Mr. Grand-Pierre and Mr. Booker-Bellerand was readily apparent and patently obvious to all defendants but yet said criminal investigation and/or criminal prosecution of Mr. Grand-Pierre and Mr. Booker-Bellerand continued unabated, causing serious injury to Mr. Grand-Pierre and Mr. Booker-Bellerand and infringing, violating and rupturing their civil rights.

47. That defendants' their agents, servants, and/or employees unlawfully and falsely arrested and imprisoned Mr. Grand-Pierre and Mr. Booker-Bellerand in furtherance to the malfeasance.

48. That at all times relevant herein, Mr. Grand-Pierre and Mr. Booker-Bellerand were each detained in dirty and unsanitary jail cells.

49.     That at all times relevant herein, Mr. Grand-Pierre, a full time student at the time of the incident, suffered academically due to the false arrest.

50.     That at all times relevant herein, Mr. Booker-Bellerand suffers from hydrogenitis, making his skin prone to painful and severe cystic growth if exposed to unsanitary conditions.

51.     That at all times relevant herein, Mr. Booker-Bellerand was caused to suffer a severe cystic reaction due to the unsanitary conditions forced upon him by defendants, their agents, servants and/or employees.

52.     As a result, Mr. Booker-Bellerand was hospitalized and required surgical intervention and medication to treat the cystic outbreak caused by the unsanitary conditions forced upon him by defendants', their agents, servants and/or employees.

53.     That at all times relevant herein, notwithstanding that the apprehension, arrest, detention and imprisonment was unjust, unwarranted, without cause, Mr. Grand-Pierre and Mr. Booker-Bellerand complied with the officers' commands and did not resist.

54.     That at all times relevant herein, defendants, their agents, servants and/or employees, while acting in concert, maliciously and with the intent to injure Mr. Grand-Pierre and Mr. Booker-Bellerand, and without just cause or any right to do so, handcuffed, detained, jailed and restrained Mr. Grand-Pierre and Mr. Booker-Bellerand against their will, thereby depriving them of their liberty.

55.     That the criminal charges filed against Mr. Grand-Pierre and Mr. Booker-Bellerand were falsely and maliciously fabricated by defendants, their agents, servants and/or employees based on false and incomplete information provided by defendants, their agents, servants and/or employees, in violation of Mr. Grand-Pierre's and Mr. Booker-Bellerand's civil rights and in furtherance of the malfeasance.

56.     That at all times relevant herein, defendant police officers, with disregard for proper, lawful, appropriate, correct and effective investigative behaviors and procedures, investigated, stopped, detained, accused, arrested and charged Mr. Grand-Pierre and Mr. Booker-Bellerand when it was not right, just, lawful, proper or necessary to do so.

57.     That at all times relevant herein, defendants, their agents, servants and/or employees had no cause or basis to stop, question or search Mr. Grand-Pierre and Mr. Booker-Bellerand.

58.     That at all times relevant herein, defendant police officers placed Mr. Grand-Pierre and Mr. Booker-Bellerand under arrest for crimes that they did not commit.

59.     That at all times relevant herein, Mr. Grand-Pierre and Mr. Booker-Bellerand were innocent of the false charges made against them further to the malfeasance.

60.     That at all times relevant herein, defendants, their agents, servants and/or employees acted maliciously and intentionally.

61.     That at all times relevant herein, defendants, their agents, servants and/or employees knew or should have known that Mr. Grand-Pierre and Mr. Booker-Bellerand were innocent of the crime charged.

62.     That at all times herein mentioned, and without proof that Mr. Grand-Pierre and Mr. Booker-Bellerand were in any way connected to a crime, or that any crime was, in fact, committed, and without reasonable suspicion to stop Mr. Grand-Pierre or Mr. Booker-Bellerand, and without probable cause to detain or arrest Mr. Grand-Pierre or Mr. Booker-Bellerand, defendants, their agents, servants and/or employees individually, and acting in concert, knowingly, unlawfully, wrongfully and in furtherance of the malfeasance fabricated the false charges against Mr. Grand-Pierre and Mr. Booker-Bellerand and set these charges forth in false and fabricated criminal complaints, falsely sworn by the defendant police officers.

63.     The criminal complaint and reports against plaintiffs were and are false and fraudulent.

64.     Based upon the false criminal complaint and complaint reports prepared, upon information and belief, by the defendant employees, the Criminal Court arraigned Mr. Grand-Pierre and Mr. Booker-Bellerand on the false charges.

65.     That at all times herein, defendants, their agents, servants and/or employees, all of whom were acting in the performance of their employment, within the scope of their authority and in furtherance of policies and practices implemented by The City and NYPD.

66.     That at all times herein, said policies and practices included the implementation of a quota system with respect to the quantity of arrests expected and/or required of its police officers, including the aforesaid police officers.

67.     That at all times herein, said policy and practice violated the civil rights of the public, including Mr. Grand-Pierre and Mr. Booker-Bellerand herein.

68.     That at all times herein, defendants, their agents, servants and/or employees who participated in the arrest and investigation, imprisonment and prosecution of Mr. Grand-Pierre and Mr. Booker-Bellerand were following a custom and practice of retribution and retaliation taken on behalf of defendant police officers.

69.     That at all times herein, defendant police officers caused the unlawful investigation of Mr. Grand-Pierre and Mr. Booker-Bellerand and the false arrest, unlawful imprisonment and malicious prosecution.

70.     That at all times herein, defendants, their agents, servants and/or employees have an unlawful policy and practice that utilizes racial profiling when conducting investigations and performing its duties.

71.    That Mr. Grand-Pierre and Mr. Booker-Bellerand were forced to return repeatedly to court to defend themselves against the false charges.

72.    That Mr. Grand-Pierre and Mr. Booker-Bellerand were ultimately exonerated of the false charges.

73.    That the aforesaid assault, battery and abuse of authority was not the first incident wherein defendant police officers committed acts of misconduct while on duty as members of NYPD.

74.    That NYPD and The City had actual and constructive notice of P.O. Doe's propensities for misconduct but failed to do anything to mitigate the danger that his continued employment presented to the public at large, including the plaintiffs herein.

75.    That at all times relevant herein, the NYPD and The City did fail to train and/or retrain and/or reinstruct defendant police officer after acquiring notice of his defective and dangerous propensities.

76.    That the NYPD and The City did negligently hire, retain and train the individually named police officer defendant to the detriment of the public and to the plaintiff herein.

77.    By reason of the foregoing, the above actions constitute a pattern of harassment, bias, bigotry and malfeasance on the part of the defendants, which has continued subsequent to the above events and dates in a sustained and concerted effort by the aforementioned police to intimidate Mr. Grand-Pierre and Mr. Booker-Bellerand to dissuade them from leveling charges against defendants.

78.    By reason of the foregoing acts of the defendants, and as a direct and proximate result of the acts of the defendants, Mr. Grand-Pierre and Mr. Booker-Bellerand suffered severe and permanent personal injuries and damages, and upon information and belief, will continue to suffer pain in the future.

79.     By reason of the foregoing acts of the defendants, Mr. Grand-Pierre and Mr. Booker-Bellerand were caused severe and intense emotional and psychological anguish, distress and embarrassment and will continue to suffer same in the future.

80.     By reason of the foregoing, Mr. Grand-Pierre and Mr. Booker-Bellerand were compelled to, and did necessarily incur legal fees and did necessarily pay and become liable therefore, and will necessarily incur similar legal fees in the future.

## PROCEDURAL PREREQUISITES

81.     Plaintiffs timely filed a Notice of Claim against the defendants pursuant to General Municipal Law §50e.

82.     The aforesaid Notice of Claim was duly served upon the defendants within ninety (90) days after the causes of action of plaintiff accrued.

83.     More than thirty (30) days have elapsed since the service of the Notice of Claim upon the defendants.

84.     That plaintiffs appeared for an examination pursuant to GML § 50-h.

85.     The defendants and the comptroller have failed, neglected, and refused to pay, settle, compromise, or adjust the claim of the plaintiff herein.

86.     This action has been commenced within three (3) years after the cause of action of plaintiff accrued.

87.     Plaintiff has duly complied with all of the conditions precedent to the commencement of this action.

## FIRST CAUSE OF ACTION

ON BEHALF OF RUBEN GRAND-PIERRE FOR FALSE ARREST

88.     Mr. Grand-Pierre repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 87, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

89.     Defendants had no probable cause to believe that plaintiff had committed a crime and plaintiff did not engage in any conduct that warranted her arrest.

90.     As a result of the aforesaid conduct by defendants, Mr. Grand-Pierre was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without probable cause, privilege or consent.

91.     By reason of their aforesaid conduct, defendants falsely arrested Mr. Grand-Pierre and thereby violated his rights under New York state law and under the Fourth and Fourteenth Amendments to the United States Constitution.

92.     That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Grand-Pierre suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION

ON BEHALF OF RUBEN GRAND-PIERRE FOR UNLAWFUL IMPRISONMENT

93.     Mr. Grand-Pierre, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 92, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

94.     By reason of defendants' aforesaid conduct, plaintiff was detained without his consent and defendants knew he was detained against her consent.

95.     That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Grand-Pierre suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

### THIRD CAUSE OF ACTION
ON BEHALF OF RUBEN GRAND-PIERRE
AGAINST INDIVIDUAL DEFENDANTS
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983, §1985 AND §1988

96.     Mr. Grand-Pierre, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 95, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

97.     The defendants, acting in concert and individually and under the color of law, have deprived the plaintiff of her civil, constitutional and statutory rights and have conspired to deprive the plaintiff of such rights under 4th and 14th amendments and are liable to the plaintiff under the 5th amendment, 8th amendment, 42 U.S.C. §1983, §1985 and §1985.

98.     As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had HIS civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and

legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## FOURTH CAUSE OF ACTION

ON BEHALF OF RUBEN GRAND-PIERRE FOR
MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY OF NEW YORK
AND NEW YORK CITY POLICE DEPARTMENT
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983, §1985 AND §1988

99.     Plaintiff, RUBEN GRAND-PIERRE, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 98, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

100.     Defendants The City and NYPD knew or should have known of its employees, agents and/or servants propensity to engage in the illegal and wrongful acts detailed above.

101.     Prior to the dates of occurrence as set forth herein, The City and NYPD developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which policies and/or customs caused the violation of the plaintiff's rights.

102.     At all relevant times herein, while at The Police Academy and intermittently thereafter, Patrol Officers and Police Officers including the named defendants receive training and instruction formulated by The City and NYPD and said training includes instruction as to custom and

practice of The City and NYPD and same relates to the arrest procedure and procedure surrounding stops and frisks.

103. Said custom and practice, and said training and instruction regarding arrests, stops and frisks, by the very nature of the custom and practice violate the civil rights of the public, including the plaintiff herein, and said custom and practice infringe upon the rights of the public at large, including the plaintiff herein.

104. In this subject case, the enforcement of the said custom and practice did in fact violate the rights of the plaintiff herein.

105. Prior to and including the dates of occurrences as set forth herein, upon information and belief, The City and NYPD developed and maintained policies and/or customs contributing to the causation of the subject incidents and the plaintiff's injuries, such as racial profiling and the use and enforcement of a quota system with respect to stops, frisks, searches, police encounters, investigations and arrests.

106. Upon information and belief, it was the policy and/or custom of The City and NYPD to improperly and inadequately investigate citizen and other complaints of police misconduct, and acts of misconduct were instead tolerated by The City and NYPD, including, but not limited to the incidents where defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers and others of its employees to make false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct.

107. It was the policy and/or custom of The City and NYPD to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual

defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

108.   The City and NYPD did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

109.   As a result of the above described policies and/or customs, police officers of NYPD believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

110.   The above policies and/or customs demonstrated a deliberate indifference on the part of the policymakers of The City and NYPD to the constitutional rights of persons within the City of New York and were the cause of the violations of the plaintiff's rights alleged herein.

111.   As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### FIFTH CAUSE OF ACTION
ON BEHALF OF RUBEN GRAND-PIERRE FOR
FAILURE TO INTERVENE

112.   Plaintiff, Mr. Grand-Pierre, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 111, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

113.    Each and every individual defendant had an affirmative duty to intervene on Mr. Grand-Pierre's behalf to prevent the violation of his constitutional rights.

114.    The individual defendants failed to intervene on Mr. Grand-Pierre's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

115.    As a result of the aforementioned conduct of the individual defendants, Mr. Grand-Pierre's constitutional rights were violated, causing him to suffer injuries including but not limited to severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, severe and permanent personal physical injuries, loss of enjoyment of life, had his civil rights violated, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### SIXTH CAUSE OF ACTION
ON BEHALF OF RUBEN GRAND-PIERRE FOR
MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

116.    Plaintiff, Mr. Grand-Pierre repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 115, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

117.    Defendants abused the legal process to place Mr. Grand-Pierre under arrest.

118.    Defendants arrested Mr. Grand-Pierre in order to obtain a collateral objective outside the legitimate ends of the legal process.

119.    Defendants acted with intent to do harm to Mr. Grand-Pierre without excuse or justification.

120.     That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Grand-Pierre suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

### SEVENTH CAUSE OF ACTION
ON BEHALF OF RUBEN GRAND-PIERRE FOR
NEGLIGENT HIRING AND RETENTION

121.     Plaintiff, Mr. Grand-Pierre, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 120, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

122.     Upon information and belief, defendants failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of Mr. Grand-Pierre.

123.     Defendants knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Verified Complaint.

124.     That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Grand-Pierre suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life;

economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## EIGHTH CAUSE OF ACTION
ON BEHALF OF RUBEN GRAND-PIERRE FOR
NEGLIGENT TRAINING AND SUPERVISION

125.    Plaintiff, Mr. Grand-Pierre, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 124, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

126.    Upon information and belief, defendants failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of Mr. Grand-Pierre.

127.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Grand-Pierre suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## NINTH CAUSE OF ACTION

ON BEHALF OF RUBEN GRAND-PIERRE FOR
MALICIOUS PROSECUTION

128.    Plaintiff, Mr. Grand-Pierre, repeats, reiterates and realleges each and every allegation

set forth in paragraphs 1 through 127, inclusive, of this Complaint, with the same force and effect as

though more fully set forth at length herein.

129.    As a result of the foregoing malicious prosecution, plaintiff suffered injuries including

but not limited to severe and permanent personal physical injuries, loss of freedom, loss of

enjoyment of life, had his civil rights violated, severe and permanent emotional injuries, severe and

permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost

earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and

accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts

which would otherwise have jurisdiction.

## TENTH CAUSE OF ACTION

ON BEHALF OF RUBEN GRAND-PIERRE FOR NEGLIGENCE

130.    Plaintiff, RUBEN GRAND-PIERRE, repeats, reiterates and realleges each and every

allegation set forth in paragraphs 1 through 129, inclusive, of this Complaint, with the same force

and effect as though more fully set forth at length herein.

131.    That defendants were negligent in the false arrests, unlawful imprisonments and

malicious prosecution of Mr. Grand-Pierre; in failing to use such care in the performance of police

duties as a reasonably prudent and careful police officer would have used under similar

circumstances without any negligence on the part of Mr. Grand-Pierre contributing thereto; and

defendants were negligent in hiring and retaining a persons who were unfit to serve as police officers

and who they knew or should have known had dangerous propensities and lack of proper temperament, in that defendants failed to exercise reasonable precautions in employing the aforesaid police officers and failing to properly investigate their background and that these police officers were otherwise unfit to serve as police officers for defendants; and defendants were negligent in its instructions of its police officers in not exercising care in instructing them as to their deportment, behavior and conduct as police officers and representatives of defendants and in training and instructions, among other things of the proper conduct of police officers in making an arrest and what they should do following an arrest of an individual.

132.     That defendants are liable for the conduct of their agents, servants and/or employees by virtue of *respondeat superior.*

133.     As a result of the foregoing malicious prosecution, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## ELEVENTH CAUSE OF ACTION
### ON BEHALF OF RUBEN GRAND-PIERRE FOR PUNITIVE DAMAGES

134.     Plaintiff, RUBEN GRAND-PIERRE, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 133, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

135.    Due to the above, Mr. Grand-Pierre should be awarded punitive damages as against the defendants in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## TWELFTH CAUSE OF ACTION
ON BEHALF OF KADEEM BOOKER-BELLERAND FOR FALSE ARREST

136.    Plaintiff, Mr. Booker-Bellerand, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 135, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

137.    Defendants had no probable cause to believe that plaintiff had committed a crime and plaintiff did not engage in any conduct that warranted her arrest.

138.    As a result of the aforesaid conduct by defendants, Mr. Booker-Bellerand was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without probable cause, privilege or consent.

139.    By reason of their aforesaid conduct, defendants falsely arrested Mr. Booker-Bellerand and thereby violated his rights under New York state law and under the Fourth and Fourteenth Amendments to the United States Constitution.

140.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Booker-Bellerand suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## THIRTEENTH CAUSE OF ACTION

ON BEHALF OF KADEEM BOOKER-BELLERAND FOR UNLAWFUL IMPRISONMENT

141.    Plaintiff, Mr. Booker-Bellerand, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 140, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

142.    By reason of defendants' aforesaid conduct, plaintiff was detained without his consent and defendants knew he was detained against his consent.

143.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Booker-Bellerand suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## FOURTEENTH CAUSE OF ACTION

ON BEHALF OF KADEEM BOOKER-BELLERAND
AGAINST INDIVIDUAL DEFENDANTS
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983, §1985 AND §1988

144.    Plaintiff, Mr. Booker-Bellerand, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 143, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

145.    The defendants, acting in concert and individually and under the color of law, have deprived the plaintiff of her his, constitutional and statutory rights and have conspired to deprive the

plaintiff of such rights under 4th and 14th amendments and are liable to the plaintiff under the 5th amendment, 8th amendment, 42 U.S.C. §1983, §1985 and §1985.

146.    As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## FIFTEENTH CAUSE OF ACTION

ON BEHALF OF KADEEM BOOKER-BELLERAND FOR
MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY OF NEW YORK
AND NEW YORK CITY POLICE DEPARTMENT
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983, §1985 AND §1988

147.    Plaintiff, Mr. Booker-Bellerand, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 146, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

148.    Defendants The City and NYPD knew or should have known of its employees, agents and/or servants propensity to engage in the illegal and wrongful acts detailed above.

149.    Prior to the dates of occurrence as set forth herein, The City and NYPD developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which policies and/or customs caused the violation of the plaintiff's rights.

150.   At all relevant times herein, while at The Police Academy and intermittently thereafter, Patrol Officers and Police Officers including the named defendants receive training and instruction formulated by The City and NYPD and said training includes instruction as to custom and practice of The City and NYPD and same relates to the arrest procedure and procedure surrounding stops and frisks.

151.   Said custom and practice, and said training and instruction regarding arrests, stops and frisks, by the very nature of the custom and practice violate the civil rights of the public, including the plaintiff herein, and said custom and practice infringe upon the rights of the public at large, including the plaintiff herein.   In this subject case, the enforcement of the said custom and practice did in fact violate the rights of the plaintiff herein.

152.   Prior to and including the dates of occurrences as set forth herein, upon information and belief, The City and NYPD developed and maintained policies and/or customs contributing to the causation of the subject incidents and the plaintiff's injuries, such as racial profiling and the use and enforcement of a quota system with respect to stops, frisks, searches, police encounters, investigations and arrests.

153.   Upon information and belief, it was the policy and/or custom of The City and NYPD to improperly and inadequately investigate citizen and other complaints of police misconduct, and acts of misconduct were instead tolerated by The City and NYPD, including, but not limited to the incidents where defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers and others of its employees to make false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct.

154.    It was the policy and/or custom of The City and NYPD to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City and NYPD did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

155.    As a result of the above described policies and/or customs, police officers of NYPD believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

156.    The above policies and/or customs demonstrated a deliberate indifference on the part of the policymakers of The City and NYPD to the constitutional rights of persons within the City of New York and were the cause of the violations of the plaintiff's rights alleged herein.

157.    As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SIXTEENTH CAUSE OF ACTION
ON BEHALF OF KADEEM BOOKER-BELLERAND FOR FAILURE TO INTERVENE

158.    Plaintiff, Mr. Booker-Bellerand, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 157, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

159.    Each and every individual defendant had an affirmative duty to intervene on Mr. Booker-Bellerand's behalf to prevent the violation of his constitutional rights.

160.    The individual defendants failed to intervene on Mr. Booker-Bellerand's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

161.    As a result of the aforementioned conduct of the individual defendants, Mr. Booker-Bellerand's constitutional rights were violated and he was subjected to excessive force, causing him to suffer injuries including but not limited to severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, severe and permanent personal physical injuries, loss of enjoyment of life, had his civil rights violated, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SEVENTEENTH CAUSE OF ACTION
ON BEHALF OF KADEEM BOOKER-BELLERAND FOR
MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

162.    Plaintiff, Mr. Booker-Bellerand repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 161, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

163. Defendants abused the legal process to place Mr. Booker-Bellerand under arrest.

164. Defendants arrested Mr. Booker-Bellerand in order to obtain a collateral objective outside the legitimate ends of the legal process.

165. Defendants acted with intent to do harm to Mr. Booker-Bellerand without excuse or justification.

166. That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Booker-Bellerand suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

### EIGHTEENTH CAUSE OF ACTION
ON BEHALF OF KADEEM BOOKER-BELLERAND FOR
DELAY AND DENIAL OF MEDICAL TREATMENT AND FAILURE
TO PROTECT WHILE IN CUSTODY
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983, §1985 AND §1988

167. Plaintiff, Mr. Booker-Bellerand, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 166, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

168. By their conduct and under color of law, defendants deprived Mr. Booker-Bellerand of his constitutional rights to immediate medical treatment and failed to protect him once he became a prisoner, thus perpetuating and exacerbating his physical and mental pain and suffering.

169.    As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## NINETEENTH CAUSE OF ACTION
### ON BEHALF OF KADEEM BOOKER-BELLERAND FOR
NEGLIGENT HIRING AND RETENTION

170.    Plaintiff, Mr. Booker-Bellerand, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 169, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

171.    Upon information and belief, defendants failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of Mr. Booker-Bellerand.

172.    Defendants knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Verified Complaint.

173.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Booker-Bellerand suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life;

economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## TWENTIETH CAUSE OF ACTION
### ON BEHALF OF KADEEM BOOKER-BELLERAND FOR
### NEGLIGENT TRAINING AND SUPERVISION

174.    Plaintiff, Mr. Booker-Bellerand, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 173, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

175.    Upon information and belief, defendants failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of Mr. Booker-Bellerand.

176.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Booker-Bellerand suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## TWENTY FIRST CAUSE OF ACTION

ON BEHALF OF KADEEM BOOKER-BELLERAND FOR MALICIOUS PROSECUTION

177.    Plaintiff, Mr. Booker-Bellerand, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 176, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

178.    As a result of the foregoing malicious prosecution, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## TWENTY SECOND CAUSE OF ACTION

ON BEHALF OF KADEEM BOOKER-BELLERAND FOR NEGLIGENCE

179.    Plaintiff, Mr. Booker-Bellerand, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 178, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

180.    That defendants were negligent in the false arrests, unlawful imprisonments and malicious prosecution of Mr. Booker-Bellerand; in failing to use such care in the performance of police duties as a reasonably prudent and careful police officer would have used under similar circumstances without any negligence on the part of Mr. Booker-Bellerand contributing thereto; and defendants were negligent in hiring and retaining a persons who were unfit to serve as police officers and who they knew or should have known had dangerous propensities and lack of proper

temperament, in that defendants failed to exercise reasonable precautions in employing the aforesaid police officers and failing to properly investigate their background and that these police officers were otherwise unfit to serve as police officers for defendants; and defendants were negligent in its instructions of its police officers in not exercising care in instructing them as to their deportment, behavior and conduct as police officers and representatives of defendants and in training and instructions, among other things of the proper conduct of police officers in making an arrest and what they should do following an arrest of an individual.

181. That defendants are liable for the conduct of their agents, servants and/or employees by virtue of *respondeat superior.*

182. As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## TWENTY THIRD CAUSE OF ACTION
### PUNITIVE DAMAGES

183. Plaintiff, KADEEM BOOKER-BELLERAND, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 182, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

184. Due to the above, Mr. Booker-Bellerand should be awarded punitive damages as against the defendants in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**WHEREFORE,** plaintiffs, RUBEN GRAND-PIERRE demands judgment against the defendants stated herein under the first through twelfth causes of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; and plaintiff, KADEEM BOOKER-BELLERAND demands judgment against the defendants stated herein under the thirteenth through twenty third causes of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter together with the costs and disbursements of this action.

Dated: Brooklyn, New York
      February 22, 2015

By: _____
      ROBERT J. DI GIANNI JR., ESQ.
      Attorney for Plaintiffs
      159 20th Street, Suite 1B-20
      Brooklyn, New York 11232
      (718) 245-6980

UNITED STATES DISTRICT COURT
EASTER DISTRICT OF NEW YORK

RUBEN GRAND-PIERRE and KADEEM BOOKER-BELLERAND,

Plaintiffs,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT and P.O. JOHN DOE (Full Name and Shield Number presently unknown),

Defendants.

## COMPLAINT

ROBERT J. DI GIANNI JR., ESQ.
ATTORNEY FOR PLAINTIFFS159 20TH STREET, SUITE 1B-20
BROOKLYN, NEW YORK 11232
TELEPHONE: 718-245-6980
rjd@digiannilaw.com